UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| CHESTER DEAN ALLEN, ) | |
| ) | |
| Petitioner, ) | Civil No. 7:20-cv-93-GFVT-CJS |
| ) | |
| v. ) | |
| ) | |
| BRAD ADAMS, Warden, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Chester Dean Allen, proceeding *pro se*, brings fifteen claims for habeas relief under 28 U.S.C. § 2254. (R. 1). Additionally, he applies for leave to proceed *in forma pauperis* in this action. (R. 3). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). *See also* Rule 10 of the Rules Governing § 2254 Cases ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636."). After conducting a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court" because Allen's § 2254 petition is untimely. Accordingly, it will be recommended that his § 2254 petition be **dismissed**.[1]

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

In June 2012, a Kentucky jury convicted Allen of "two counts of first-degree sodomy, two counts of incest, two counts of first-degree sexual abuse, and one count of first-degree attempted

---

[1] This Report and Recommendation provides Allen notice that his petition appears to be time-barred. The objection period explained at the end of this Report and Recommendation gives Allen the opportunity to present his position on the issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

rape of his [two] daughters." *Allen v. Commonwealth*, No. 2012-SC-000631-MR, 2013 WL 5777036, at *1 (Ky. Oct. 24, 2013); (*see* R. 1, Page ID 55-56). The trial court sentenced him to a total of twenty years in prison. (R. 1, Page ID 57). Allen appealed directly to the Kentucky Supreme Court, *see* Ky. Const. § 110(2)(b), which affirmed on October 24, 2013. *Allen*, 2013 WL 5777036, at *1. Allen states that on January 26, 2015, through post-conviction counsel, he filed a motion to vacate, set aside or correct sentence under Kentucky Rule of Criminal Procedure (RCr) 11.42.[2] (R. 1, Page ID 3). The state trial court denied the motion in October 2017 (*id.* at Page ID 79-80), and the Kentucky Court of Appeals affirmed in March 2019, *Allen v. Commonwealth*, No. 2018-CA-000035-MR, 2019 WL 1313303, at *1 (Ky. Ct. App. Mar. 22, 2019), *review denied* (Sept. 18, 2019). Allen states that he filed a second RCr 11.42 motion on July 25, 2018. (R. 1, Page ID 4). The state trial court denied the motion in August 2018 (*id.* at Page ID 102), and the Kentucky Court of Appeals denied Allen's subsequent motion for a belated appeal in February 2020 (*id.* at Page ID 108).

On July 6, 2020, Allen filed this § 2254 petition.[3] (*Id.* at Page ID 28). Allen's claims mostly challenge the admission of evidence at his trial and allege that his trial and appellate counsel were ineffective. But because the Court concludes that all of the claims in the § 2254 petition are time-barred, they need not be addressed substantively.

II.    ANALYSIS

    A.    **Legal Standard**

---

[2] Allen indicates that this RCr 11.42 motion was later supplemented. (R. 1, Page ID 3).

[3] This is the date Allen submitted his § 2254 petition to the prison mailing system. "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012).

Allen's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which allows courts to grant habeas relief only when a state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The petitioner carries the burden of proof. *Id.*

**B.    Allen's § 2254 Petition is Untimely**

Allen concedes that his § 2254 petition is untimely. (*See* R. 1, Page ID 45). However, his ninth claim, discussed below, "ask[s] for an exception to the [statute of limitations'] rule, and allow his Habeas Corpus petition to be timely filed." (*Id.*). Before addressing this argument, the Court concludes that it is worth explaining why the § 2254 petition is untimely.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). This one-year period of limitations is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

As the circumstances here suggest no other time, the limitations period began to run on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On October 24, 2013, the Kentucky Supreme Court affirmed on direct review of Allen's conviction. The ninety-day period for Allen to file a petition for a writ of certiorari, *see* Rules of the Supreme Court of the United States, Rule 13(1), began to run the day after the Kentucky Supreme Court's decision, October 25, 2013, and ended on January 22, 2014. *See generally Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000).

Accordingly, Allen's one-year statute of limitations period began to run the day after his time to file a writ of certiorari expired, January 23, 2014, and ran uninterrupted until January 22, 2015, which was the last day for him to timely file his § 2254 petition. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (noting petitioner's conviction became "final" under § 2244(d)(1)(A) "when time for seeking certiorari review" of state direct appeal expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Because Allen did not file his petition until July 6, 2020, it is over five years too late. Notably, Allen's motion to vacate, set aside, or correct sentence under Kentucky Rule of Criminal Procedure 11.42, filed on January 26, 2015, does not change this

4

calculation because a motion filed after the limitations period has run cannot serve to restart the limitations period. *See Vroman*, 346 F.3d at 602; *see also Adams v. Kentucky*, No. 16-6832, 2017 WL 6569885, at *1 (6th Cir. June 19, 2017).

        **C.**        **Allen Fails to Show that Equitable Tolling is Warranted**

The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling is permitted if warranted. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day*, 547 U.S. at 205). Equitable tolling allows a court to toll the statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The only argument approaching equitable tolling that Allen makes is contained within his ninth claim in his § 2254 petition. He asserts that his RCr 11.42 post-conviction counsel was late in requesting, and his trial counsel was late in providing, the file maintained by his trial counsel for his underlying criminal conviction.[4] (R. 1, Page ID 44). Allen argues that this delay caused post-conviction counsel to file his RCr 11.42 motion "in a manner that did not allow Allen to file his federal case." (R. 1, Page ID 45). The Court understands this as an argument that postconviction-counsel was ineffective for not filing the RCr 11.42 motion timely enough to statutorily toll the limitations period, *see* § 2244(d)(2), to protect Allen's ability to later file a timely § 2254 petition.

---

[4] It is not clear when or if the file was ever provided.

Allen cites one case in support of this argument, *Woolbright v. Crews*, 791 F.3d 628 (6th Cir. 2015). He fails to explain how this case helps him, but he is likely relying on its discussion of two Supreme Court cases, *Trevino v. Thaler*, 569 U.S. 413 (2013) and *Martinez v. Ryan*, 566 U.S. 1 (2012). Both cases address the limited circumstances that post-conviction counsel can serve to excuse a procedural default of an ineffective-assistance-of-trial-counsel claim in a federal habeas proceeding:

> For these reasons, we conclude that where, as here, state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies:
>
>> "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

*Trevino*, 569 U.S. at 429 (quoting *Martinez*, 566 U.S. at 17).

*Woolbright* held that "[t]he *Martinez/Trevino* exception applies in Kentucky," 791 F.3d at 636, which leads the Court to conclude that Allen wishes to take advantage of it here. However, he cannot. This is because the *Martinez/Trevino* "exception does not work to excuse a petition that is time-barred. Rather, the *Martinez[/Trevino]* exception merely allows a habeas petitioner to establish cause for a claim of ineffective assistance of trial counsel which has been procedurally defaulted because of ineffective assistance of post-conviction counsel." *Taylor v. Cook*, No. 1:13-CV-220, 2015 WL 1534519, at *3 (E.D. Tenn. Apr. 6, 2015); *see also Cates v. Sexton*, No. 3:13-CV-638-CLC-HBG, 2018 WL 814026, at *1 (E.D. Tenn. Feb. 8, 2018) ("The Court, however, did not dismiss Petitioner's § 2254 petition due to procedural default of the arguments it contained, but rather because the petition was time-barred [Docs. 5 and 6]. Thus, the intervening decisions in *Martinez*, *Trevino*, and [*Sutton v. Carpenter*, 745 F.3d 787, 792 (6th Cir. 2014)] are irrelevant to

6

and do not entitle Petitioner to relief from this dismissal."). Accordingly, Allen fails to show that he is entitled to equitable tolling, and his § 2254 petition is thus untimely.

### III. CERTIFICATE OF APPEALABILITY

Allen is not entitled to a certificate of appealability (COA). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings for the United States District Courts, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Allen's § 2254 petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon the District Court's entry of its final order in this matter.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons stated, **IT IS RECOMMENDED** that:

1)    Allen's § 2254 Petition (R. 1) **be dismissed;**

2)    Allen's application to proceed *in forma pauperis* (R. 3) in this action **be denied as moot**;

3)    a certificate of appealability **be denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

4)    Judgment in favor of the Respondent **be entered** contemporaneously with the District Court's entry of its final order; and

5)    this case **be stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (b) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 31st day of August, 2020.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254PrelimsSOL\20-93-GFVT Allen R&R final.docx