UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| CHESTER DEAN ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | 7:20-cv-00093-GFVT-CJS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BRAD ADAMS, WARDEN, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Candace J. Smith. [R. 6.] Petitioner Chester Dean Allen filed a *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. [R. 1.] Consistent with local practice, Judge Smith reviewed the petition and ultimately recommends that the Court deny Mr. Allen's Petition in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else he waives his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner Allen filed timely, specific objections on September 14, 2020. [R. 7.] Accordingly, the Court has an obligation to conduct a *de novo* review of the Magistrate Judge's findings. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Allen's objections will be **OVERRULED,** and Judge Smith's Recommendation will be **ADOPTED**.

**I**

Judge Smith's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Smith's discussion of the record in this Order.

In June 2012, Chester Allen was convicted by a jury for two counts of first-degree sodomy, two counts of incest, two counts of first-degree sexual abuse, and one count of first-degree attempted rape. *Allen v. Commonwealth,* No. 2012-SC-000631-MR, 2013 WL 5777036, at *1 (Ky. Oct. 24, 2017). Subsequently, Mr. Allen was sentenced to twenty years in prison. [R. 1 at 57.] Allen appealed, but the Supreme Court of Kentucky affirmed his conviction on October 24, 2013. *Allen*, 2013 WL 5777036, at *1.

Following this, Mr. Allen attempted to vacate his sentence by filing a petition though post-conviction counsel, pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 on January 26, 2015. [R. 1 at 3.] The Kentucky court denied his RCr 11.42 motion in October, 2017, and the Kentucky Court of Appeals affirmed that decision in March 2019. *Id*. at 79-80; *Allen v. Commonwealth*, No. 2018-CA-000035-Mr, 2019 WL 1313303, at *1 (Ky Ct. App. Mar.

22, 2019), *review denied* (Sept. 18, 2019).  Allen also indicates that he filed another RCr 11.42 motion on July 25, 2018.  [R. 1 at 4.]   Once again, the Kentucky trial court denied the motion in August 2018 and the Kentucky Court of Appeals denied his subsequent motion for a belated appeal in February 2020.  *Id*. at 102, 108.  Following exhaustion in Kentucky court, Mr. Allen petitioned this Court on July 6, 2020, to vacate his sentence, claiming his trial and appellate counsel were ineffective and he also challenged the admission of evidence at trial.  [*See* R. 1.]

## II

### A

Judge Smith recommends denying Mr. Allen's petition as untimely.  [R. 6.]  Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), Mr. Allen's Petition is subject to a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).  That statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  "A conviction becomes final when a petition for certiorari is denied or when the time for filing a petition for certiorari elapses."  *Peak v. Webb*, 673 F.3d 465, 473 n. 11 (6th Cir. 2012) (citing *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986)).  After a conviction

3

becomes final, a defendant has ninety days from the entry of judgment by the appellate court to petition for a writ of certiorari. Sup. Ct. R. 13. Mr. Allen's conviction was upheld by the Supreme Court of Kentucky on October 24, 2013, giving him until January 22, 2014, to petition for a writ of certiorari from the Supreme Court of the United States. Because he did not seek certiorari, his conviction became final and the one-year statute of limitations began to run on January 23, 2014 until January 22, 2015, which was the last day for him to timely file his petition.

However, Allen did not file his petition until July 6, 2020, more than five years later. Judge Smith addresses in her Recommended Disposition whether equitable tolling applies to Mr. Allen's petition. Allen agued in his petition that the Court should accept late filed petition because his RCr11.42 post-conviction counsel was late in requesting, and his trial counsel was late in providing, the file maintained by his trial counsel for his underlying criminal conviction. [R. at 44.] Subsequently, Allen indicates that this delay caused his post-conviction counsel to file his RCr 11.42 motion "in a manner that did not allow Allen to file his federal case." *Id*. at 45. Judge Smith construed Mr. Allen's argument as portraying that his "post-conviction counsel was ineffective for not filing the RCr 11.42 motion timely enough to statutorily toll the limitations period, [], to protect Allen's ability to later file a timely § 2254 petition." [R. 6 at 5.] Judge Smith determined that Allen's motion to vacate, set aside, or correct sentence under Kentucky Rule of Criminal Procedure 11.42, filed on January 26, 2015, does not change these dates because the motion was filed after the limitations period, so it cannot serve to restart the limitations period. [R. 6 at 5.]

4

**1**

Mr. Allen objects to this conclusion because he states that his RCr 11.42 motion was actually filed on January 21, 2015 even though he stated in his petition that it was filed January 26. [R. 7 at 2.] Thus, Allen argues that the statute of limitation was tolled while Mr. Allen pursued collateral relief under Kentucky Criminal Rule 11.42. *Robertson v. Simpson*, 624 F.3d 781, 782 (6th Cir. 2010). The one-year statute of limitations to file a federal petition for writ of habeas corpus is tolled by the amount of time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

If Allen's RCr 11.42 motion was filed on January 21, 2015, that means 364 days had elapsed between the finality of his conviction and the tolling activity. After the judgment denying his RCr 11.42 motion, Mr. Allen only had 1 day remaining in his statute of limitations by which to file a federal habeas petition. 28 U.S.C. § 2244(d)(2). Also, Allen states that he filed another RCr 11.42 motion on July 25, 2018, and the state trial court denied the motion on August 30, 2018. [R. 7 at 7-8.] Giving Allen the benefit of the doubt in accordance with dates, the latest deadline that he could have filed his federal habeas petition expired on March 23, 2019, one day after Kentucky Court of Appeals affirmed the state court's denial of his RCr 11.42 motion. Fed. R. Civ. Pr. 6(a)(1)(C). Instead, Allen filed his federal habeas petition on July 6, 2020, more than a year past the deadline.

2

Petitioner also admits that his filing is late but requests that an exception should be made due to "defense counsel's actions and intentional eleventh hour filing of collateral proceedings." [R. 7 at 10.]   In *Holland v. Florida*, Mr. Albert Holland was convicted of murder and sentenced to death in 1997.  560 U.S. 631, 635 (2010).  He pursued the appeal of this Florida conviction until the Supreme Court of the United States denied his petition for certiorari in 2001.  *Id*. Following denial, Florida appointed attorney Bradley Collins to represent Mr. Holland in his postconviction proceedings.  *Id*.  Mr. Collins filed a petition for postconviction relief in Florida state court twelve days before the one-year statute of limitations ended for federal habeas relief, automatically stopping the AEDPA clock.  *Id*. at 635–36.

While Mr. Holland's state postconviction motion proceeded in Florida state court, he continually wrote letters to Mr. Collins requesting information about his federal postconviction review, to which Mr. Collins assured him all claims were preserved and deadlines were being monitored.  *Id*. at 636.  Florida denied the postconviction petition in May of 2003, and Mr. Collins appealed that determination.  *Id*.  However, during the two years while appeal was pending, Mr. Collins only communicated with Mr. Holland three times, and only via letter.  *Id*. This lack of communication concerned Mr. Holland, who wrote various letters to the Florida Supreme Court, the Clerk of the Florida Supreme Court, the Florida Bar Association, and to Mr. Collins himself, expressing displeasure with his counsel and requesting status updates on his case.  *Id*. at 636–38.  In November of 2005, the Florida Supreme Court affirmed denial of Mr. Holland's postconviction petition, and a mandate issued on December 1, 2005, rendering the decision final and the AEDPA clock resumed.  *Id*. at 638.  Mr. Collins did not find out until

January 18, 2006, that the Florida Supreme Court had issued a final ruling in his case, at which point he immediately drafted a *pro se* federal habeas petition and mailed it to the Federal District Court for the Southern District of Florida.  *Id.* at 639.

The Supreme Court determined that equitable tolling might apply in Mr. Holland's case.[1]  To be entitled to such, a petition must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  First, the Supreme Court determined that Mr. Holland had diligently pursued his rights because of his numerous letters requesting assistance and information, as well as his attempts to remove Mr. Collins from the case.  *Id*. at 653.  Additionally, while recognizing that miscalculations and excusable neglect by an attorney does not warrant equitable tolling, the Supreme Court found Mr. Holland's case presented "far more serious instances of attorney misconduct."  *Id*. at 651–52.  An attorney's failure to file the petition on time and failure to determine the proper date on which the limitations period expired suggested "simple negligence."  *Id*. at 652.  But, the Supreme Court noted potential extraordinary circumstances where Mr. Holland had repeatedly written his attorney urging him to file the petition, where Mr. Collins had failed to perform the necessary research even after Mr. Holland had identified the correct legal rules, where Mr. Collins had failed to communicate with Mr. Holland for several years, and where Mr. Collins had failed to inform Mr. Holland about the decision in his state postconviction petition.  *Id*.

---

[1] While the Supreme Court in *Holland* outlined the standard and reversed the district court's determination on his diligence, the Supreme Court ultimately remanded the case to the Court of Appeals to determine whether the second factor, "extraordinary circumstances," was met.  *Holland*, 560 U.S. at 654.  At the Eleventh Circuit, the case was remanded again to the District Court for further proceedings.  *Holland v. Florida*, 613 F.3d 1053 (11th Cir. 2010).  The Southern District of Florida ultimately decided that extraordinary circumstances existed here because Mr. Holland was appointed counsel and could not proceed *pro se* so long as he had counsel, but also had no way of removing Mr. Collins as his counsel in order to retain a different attorney or proceed *pro se*.  *Holland v. Florida*, CASE NO. 06-20182-CIV-SEITZ/O'SULLIVAN, R. 112 at 6 (S.D. Fl. Nov. 23, 2010).

Petitioner makes the remark that he has been pursuing his rights diligently, but he does not explain why he waited more than a year after the decision of the Kentucky Court of Appeals in post-conviction proceedings to file his habeas petition. [*See* R. 7 at 10.] The burden of proving the *Holland* elements rests on Mr. Allen, and he has not sufficiently shown that he diligently pursued his claims. And even if he could demonstrate diligence, Allen cannot establish extraordinary circumstances exist here. Allen has not claimed that he attempted to terminate his counsel's representation, or that he was unable to communicate with an attorney, since someone from the Department of Public Advocacy kept in touch with Allen about his case and ultimately filed his post-conviction motion within the time frame. Allen knew the time frame that he must file his post-conviction motion. Ultimately, he thought his 90 days restarted again after the denial but that is not the case. Accordingly, the Court finds that Mr. Allen meets neither prong of the *Holland* test to justify equitable tolling.

**III**

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Smith's thorough analysis of Mr. Allen's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . .." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Petitioner Chester Dean Allen's Objections to the Magistrate Judge's Report and Recommendation [**R. 7**] are **OVERRULED**;

2. The Magistrate's Report and Recommendation [**R. 6**] as to Petitioner Chester Allen is **ADOPTED** as and for the opinion of the court;

3. Mr. Allen's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

5. Mr. Allen's Motion for Leave to Proceed in forma pauperis is **DENIED**.

6. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 25th day of September, 2020.

Gregory F. Van Tatenhove
United States District Judge